UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMER EL-BERRI, | ) | Case No. 1:09CV1106 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| DEB TIMMERMAN-COOPER, Warden, | ) | |
| | ) | |
| Respondent. | ) | **Report and Recommendation** |
| | ) | **of Magistrate Judge** |
| | ) | |
| | ) | |

Petitioner Tamer El-Berri ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred during his Cuyahoga County, Ohio Court of Common Pleas conviction for rape. ECF Dkt. #1; ECF Dkt. #11-1. On November 10, 2009, Respondent Deb Timmerman-Cooper ("Respondent"), the Warden of London Correctional Institution where Petitioner is currently incarcerated, filed an answer. ECF Dkt. #11. On December 4, 2009, Petitioner filed a motion to stay proceedings pending an appeal of his resentencing to the Eighth District Court of Appeals of Ohio. ECF Dkt. #12. On December 18, 2009, Respondent filed a brief in opposition to Petitioner's motion to stay proceedings. ECF Dkt. #13.

On July 13, 2009, the instant case was referred to the undersigned for a Report and Recommendation. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice and DENY Petitioner's motion to stay as MOOT:

## I.    SYNOPSIS OF THE FACTS

The Eighth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1);

*Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denie*d, 119 S.Ct. 2403 (1999).  As set forth by the Eighth District Court of Appeals, the facts are:

> On January 4, 2006, a Cuyahoga County Grand Jury indicted El-Berri on one count of kidnapping with a sexual motivation specification attached and one count of rape.
>
> The facts giving rise to the instant case occurred in the late evening on December 22, 2004. The sixteen-year-old victim worked at El-Berri's cellular phone business located at Great Northern Mall. There was a heavy snowfall that night and, at the close of the victim's shift, El-Berri offered to drive the victim home as she lacked experience driving in snow storms. Brenda Carmak (Carmak), the victim's mother, consented because El-Berri and his girlfriend, Nicolet Arcuri (Arcuri), were family friends.
>
> On the night in question, instead of taking the victim directly home, El-Berri drove past her exit and went to his home. While there, El-Berri proceeded to remove the victim's clothes, forced her over the couch, and engaged in vaginal intercourse with her against her will.
>
> The victim arrived home later that evening via taxi cab because El-Berri's  motor vehicle became stuck in the snow. Carmak described the victim as looking "white as a ghost, scared to death." The victim told Carmak that El-Berri raped her.  Carmak took the victim to the hospital where vaginal swabs confirmed the presence of seminal fluid, although testing was unable to produce a male DNA profile.
>
> On January 2, 2007, the case proceeded to jury trial. On January 11, 2007, the jury returned its verdict and found El-Berri guilty of kidnapping with a sexual motivation specification and guilty of rape.
>
> On February 1, 2007, the trial court sentenced El-Berri to seven years of imprisonment for kidnapping and seven years of imprisonment for rape, counts to be served concurrently. The trial court also conducted a House Bill 180 hearing and designated El-Berri a sexually oriented offender.

ECF Dkt. #11-1 at 77-78 (Ex. 8).

## II.   **PROCEDURAL HISTORY**

### A.   **State Trial Court Proceedings**

On January 4, 2006, a Cuyahoga County, Ohio grand jury issued an indictment charging Petitioner with Kidnapping, in violation of Ohio Revised Code § 2905.01(A)(2) , (A)(3), and/or (A)(4) with a sexual motivation specification identified in Ohio Revised Code § 2941.147.   ECF Dkt. #11-1 at 1 (Ex. 1).  The grand jury also indicted Petitioner for one count of Rape in violation of Ohio Revised Code § 2907.02(A)(2).   *Id.* at 2 (Ex. 1). A jury found Petitioner guilty of Kidnapping in violation of Ohio Revised Code § 2905.01(A)(2) and Rape as charged.  ECF Dkt. #11-1 at 3 (Ex. 2). On February 1, 2007, the trial judge sentenced Petitioner to a prison term of 7

-2-

years on each count with the sentences to run concurrently, and five years of post-release control. *Id.* The trial court also held a sexual predator hearing and adjudicated Petitioner a sexually-oriented offender to report one time per year for ten years to the sheriff's department where he resided upon release from incarceration. ECF Dkt. #11-1 at 4 (Ex. 3).

## B.    Direct Appeal

On February 26, 2007, Petitioner, through new counsel, filed a notice of appeal and thereafter filed an appellate brief raising the following assignments of error:

    1.    THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL AS TO THE CHARGES WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE AGAINST APPELLANT.

    2.    APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

    3.    THE TRIAL COURT ERRED BY ORDERING CONVICTIONS AND A SENTENCE FOR SEPARATE COUNTS OF RAPE AND KIDNAPPING BECAUSE THE OFFENSES ARE ALLIED OFFENSES PURSUANT TO R.C. 2941.25 AND THEY ARE PART OF THE SAME TRANSACTION UNDER R.C. 2929.14.

    4.    THE TRIAL COURT ERRED BY ORDERING APPELLANT TO SERVE MORE THAN THE MINIMUM SENTENCE.

ECF Dkt. #11-1 at 5-54 (Ex. 4, 5).  On September 25, 2007, the state filed a brief in opposition. ECF Dkt. #11-1 at 55-70 (Ex. 6).  On February 5, 2008, Petitioner filed a notice of additional authority.  ECF Dkt. #11-1 at 71-74 (Ex. 7).

On July 17, 2008, the Eighth District Court of Appeals affirmed in part and reversed in part the trial court's judgment, but did not journalize the decision until September 2, 2008.  ECF Dkt. #11-1 at 75-111 (Ex. 8).  The court found that the evidence failed to establish a separate animus between the kidnapping and rape counts that would demonstrate an independent significance for each offense and thus the counts should have merged as allied offenses.  *Id.* at 86.  Accordingly, the court vacated Petitioner's kidnapping conviction and remanded the case for resentencing.

On July 25, 2008, Petitioner pro se, filed a motion pursuant to Rule 26(A) of the Ohio Rules of Appellate Procedure, requesting that the court reconsider its decision. ECF Dkt. #11-1 at 112-118 (Ex. 9).  On September 2, 2008, the court denied Petitioner's motion.  *Id.* at 119 (Ex. 10).

-3-

On October 6, 2008, Petitioner pro se filed a notice of appeal to the Ohio Supreme Court. ECF Dkt. #11-1 at 120 (Ex. 11).  In his memorandum in support of jurisdiction in the Supreme Court of Ohio, Petitioner raised the following propositions of law:

> **Proposition of Law No. I**: The trial court erred in denying Appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence against Appellant.
>
> **Proposition of Law No. II**: The Appellant's convictions are against the manifest weight of the evidence.
>
> **Proposition of Law No. III**: The trial court erred by ordering appellant to serve more than the minimum sentence.
>
> **Proposition of Law No. IV**: The appellate counsel's advocacy on behalf of the Appellant amount[sic] to ineffective assistance of appellate counsel.

*Id*. at 122-139 (Ex. 12).  The state waived filing a memorandum in response.  *Id*. at 178 (Ex. 13).

On February 4, 2009, the Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. ECF Dkt. #11-1 at 179 (Ex. 14).

### C.     Resentencing

On October 15, 2008, the trial court resentenced Petitioner in accordance with the appellate court's decision, vacating the kidnapping conviction and sentencing Petitioner only on the rape conviction.  ECF Dkt. #11-1 at 180 (Ex. 15).  The court sentenced Petitioner to seven years of incarceration on that conviction, with five years of post-release control.  *Id*.  The court also labeled Petitioner a tier III sex offender and ordered him to register with the sheriff in the county in which he resides every ninety days for the remainder of his life.  *Id*.

On November 6, 2008, Petitioner pro se filed a notice of appeal to the Eighth District Court of Appeals.  ECF Dkt. #11-1 at 181 (Ex. 16).  Petitioner filed a brief on the merits raising the following assignments of error:

> I.      DID THE TRIAL COURT COMMITTED[sic] PREJUDICIAL ERROR BY RESENTENCING APPELLANT TO EXACT PRISON TERM IT PREVIOUSLY IMPOSED FOR TWICE AS MANY CONVICTIONS?
>
> II.     DID THE TRIAL COURT ERR WHEN IT IMPOSED A SENTENCE OF SEVEN YEARS ON A FIRST-TIME OFFENDER WHEN IT FAILED TO

-4-

CONSIDER R.C. 2929.11 AND R.C. 2929.12?

III.   DID THE SENTENCING COUNSEL'S CONDUCT AT THE RE-SENTENCING HEARING AMOUNT TO INEFFECTIVE ASSISTANCE OF COUNSEL?

*Id.* at 182-194 (Ex. 17).  The state filed a brief in opposition.  *Id.* at 195-203 (Ex. 18).  As of the date of the filing of his federal habeas corpus petition, Petitioner was awaiting a ruling by the appellate court.

**D.     28 U.S.C. § 2254 Petition**

On May 11, 2009, Petitioner filed the instant petition for a writ of habeas corpus.  ECF Dkt. #1; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities).  Petitioner raises the following grounds for relief:

**GROUND ONE:**     CONVICTION WAS OBTAINED WITH INSUFFICIENT EVIDENCE.

Supporting FACTS:   State didn't produce evidence of sexual conduct.  Petitioner submitted DNA, but no male profile was derived from rape kit sample(s).  No evidence was produced which proved force, because such is physical.  It was only duplicious[sic] that State proceeded on threat of force element also, which no evidence was produced for.

**GROUND TWO:**     DENIED DUE PROCESS & EQUAL PROTECTION OF THE LAW

Supporting FACTS:   Offense was alleged to have occurred on December 22, 2004.  At that time, Ohio Legislature extended a substantive right to minimum term sentencing.  It matters not that Petitioner wasn't convicted & sentenced until 2007, and right was so judicially-modified in 2006, [sic]cause the remedy for such always lied in O.R.C. §1.58(B).  Under such provision, Petitioner had right to be sentenced under scheme most favorable to himself.

**GROUND THREE:**   DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Supporting FACTS:   Appellate counsel failed to raise issues with jury instructions on "force".  Trial court restricted jury to finding what it felt was proper, not what the law prescribed.  As such, conclusive presumptions inherent in trial court's charge shifted the burden upon Petitioner to disprove an element he wasn't charged with.  Close attention must also be given to the words actually spoken to the jury.

-5-

**GROUND FOUR:** DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

Supporting FACTS: Appellate counsel further failed to raise issues with the neglected claim of preindictment delay. The Petitioner submitted DNA in 2005, but wasn't indicted until 2006. Petitioner had moved on with his life once police closed case, getting married and preparing for a family. The prejudice involved centers around the inability to defend against stale charges and denial of a critical preliminary hearing that could have eliminated case with prejudice.

ECF Dkt. #1. On November 10, 2009, Respondent filed an answer. ECF Dkt. #11. On December 4, 2009, Petitioner filed a motion to stay proceedings. ECF Dkt. #12. On December 18, 2009, Respondent filed a brief in partial opposition to Petitioner's motion to stay proceedings. ECF Dkt. #13. On April 9, 2010, Petitioner filed a traverse. ECF Dkt. #14.

## III.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Further, the Supreme Court has held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not an issue in this case. Respondent concedes that the instant petition is timely, but contends that Ground Two is procedurally defaulted and Ground Four is barred because Petitioner never presented the

claim before any state court. ECF Dkt. #11 at 9-11.

## B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.) cert. denied, 509 U.S. 907 (1993)(quotation omitted). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, id. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition

on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2). 553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991). **C.** **Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

> (1)  whether the petitioner failed to comply with an applicable state procedural rule;
>
> (2)  whether the state courts actually enforced the state procedural sanction;
>
> (3)  whether the state procedural bar is an "adequate and independent" state

-8-

> ground on which the state can foreclose federal review; and
>
> (4)    if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve  to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006).  The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); Richey, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000)(where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision.  *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).  A state's res judicata rule barring post-conviction claims which could have been raised on appeal is an adequate and independent ground for *Maupin* purposes.  *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604, 628 (6th Cir. 2003).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), cert. denied, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel*, 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

## IV.  **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law,

-10-

as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A.    Decisions of lower federal courts may not be considered.

B.    Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.    The state court decision may be overturned only if:

1.    It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

2.    the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme

-11-

Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3.    'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

4.    the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced

-12-

because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

**V.    ANALYSIS**

**A**.    **Motion to Stay**

On December 4, 2009, Petitioner filed a motion to stay the proceedings in the instant case pending a ruling from the Eighth District Court of Appeals on his appeal of issues relating to the trial court's resentencing of him.  ECF Dkt. #12.  Petitioner is requesting the stay because Respondent raised the issue of his failure to exhaust state remedies as to two of his grounds for relief before this Court.  *Id.*  Respondent opposes the motion to stay pending exhaustion of Petitioner's second and fourth grounds for relief because he failed to provide good cause for a stay as to ground four and ground two is plainly meritless.  ECF Dkt. #13.  Respondent does not oppose the motion to the extent that Petitioner seeks to exhaust claims pending before the appellate court on resentencing so that they could be presented in a later amended petition.  *Id.*

A federal district court may stay federal habeas corpus proceedings in limited circumstances in order to allow a petitioner to exhaust unexhausted claims when he presents both exhausted and unexhausted grounds for relief in the petition.  *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).  Issuing a stay is appropriate only when a district court finds that a petitioner has presented good cause for failing to exhaust the claims in state court, the unexhausted claims are not plainly meritless, and a petitioner has not engaged in intentionally dilatory litigation tactics.  *Id*. at 278.

The undersigned recommends that the Court deny Petitioner's motion for a stay of the instant case. The undersigned searched the online opinions of the Eighth District Court of Appeals of Ohio

and found that the court had issued an opinion on January 21, 2010 relating to Petitioner's case No. 92388, the state appeal of his resentencing for which he moves for a stay in the instant case.  The undersigned takes judicial notice of that opinion, which overrules Petitioner's assignments of error on appeal and affirms his 2007 conviction for rape.  *See State of Ohio v. Tamer El-Berri*, No. 92388 (8th App. Dist. Jan. 21, 2010), *available at* http://www.sconet.state.oh.us/rod/docs/pdf/8/2010/2010-ohio-146.pdf (last accessed June 4, 2010); *see also State v. El-Berri*, No. 92388, 2010 WL 185222 (8th App. Dist. Jan. 21, 2010).  In that opinion, the appellate court addressed three assignments of error presented by Petitioner.  Petitioner had asserted that he received ineffective assistance of counsel at sentencing because counsel failed to object to the seven-year sentence as disproportionate, the trial court erred when it resentenced him to the same prison term for one conviction that it had previously done for two convictions, and the trial court erred in imposing a seven-year sentence on a first offender after failing to consider Ohio Revised Code §§ 2929.11 and 2929.12.  *State v. El-Berri*, No. 92388.

The undersigned first points out that the time during which Petitioner's appeal was pending in state court constituted the functional equivalent of a stay of the instant proceedings while the appeal was pending, since no proceedings or determinations occurred in the instant case during that time period.  Further, Petitioner should have filed his appeal of the appellate court decision to the Ohio Supreme Court within forty-five days of the entry of the appellate court judgment.  *See* Ohio S.Ct. Prac. R. II § 2.2.(A)(1)(a).  The appellate court issued its decision on January 21, 2010 and Petitioner should have filed his appeal to the Ohio Supreme Court within forty-five days of the entry of the appellate court judgment.  *See* Ohio S.Ct. Prac. R. II § 2.2.(A)(1)(a).  Petitioner did not do so.  Accordingly, Petitioner fails to present the requisite "good cause" necessary for a stay and abeyance of the instant case because the reason for which he requested the stay no longer exists.  During the time that his motion for stay was pending in this Court,  he had the opportunity to seek review in the Supreme Court of Ohio, and he did not do so.  Therefore,  his time for seeking such review expired.  There is no reason to grant the stay in the instant case , where Petitioner has had a full opportunity to pursue state court remedies and failed to do so.  *See Rhines*, 544 U.S. at 277 ("stay and abeyance

-14-

is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court").

In addition, even if good cause were presented, the undersigned recommends that the Court deny Petitioner's motion to stay proceedings because his claims are plainly meritless and it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Rhines*, 544 U.S. at 277; *Granberry v. Greer*, 481 U.S. at 135; *Prather*, 822 F.2d at 1421-22; *see discussion of merits at infra* §V.B., §C.

For these reasons, the undersigned recommends that the Court DENY Petitioner's motion to stay.  ECF Dkt. #12.

### B.    Procedural Default

Respondent contends that procedural default bars this Court from considering Petitioner's second ground for relief because he failed to raise the issue in this ground for relief in his appeal following his resentencing and thus *res judicata* barred review of the claim in the Ohio courts.  ECF Dkt. #11 at 9-10.  While the undersigned ultimately recommends dismissal of Petitioner's entire petition on its merits due to a lack of merit, procedural default will be addressed to the extent that the Court wishes to invoke this doctrine.

Petitioner's first assignment of error in his appellate brief asserts that the trial court violated the Eighth Amendment's prohibition against cruel and unusual punishment because the sentence it imposed was disproportionate to the crime.  However, in this assignment of error, Petitioner makes two statements that raise the Ex Post Facto and Due Process arguments that he appears to raise in his second ground for relief before this Court.  Petitioner cites to *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Rita*, 127 S.Ct. 2456, 2466 (2007), and argues that his sentence was illegal and that "[a]t commission of alleged crime(s), Ohio law forbids above minimum term imposition, for those like Appellant who never served a prison term, absent unconstitutional factfinding."  ECF Dkt. #11-1 at 2.  The undersigned recommends that the Court

-15-

find that this assertion was sufficient to put the appellate court on notice of a due process based ex post facto claim since Petitioner's allegations put the state court on fair notice of a claim that he should have been resentenced to the minimum term because that was the most to which he could have been sentenced under Ohio law.

Accordingly, the Court should find that Petitioner has fairly presented this claim and it is not procedurally defaulted because *res judicata* does not apply.

Respondent also asserts that Petitioner's fourth ground for relief is procedurally barred because he never presented it before any state court. ECF Dkt. #11 at 10-11. Petitioner asserts in this ground for relief that his appellate counsel was ineffective for failing to raise an issue regarding preindictment delay since he submitted a DNA sample in 2005 but was not indicted until 2006. ECF Dkt. #1 at 6. He contends that he was therefore unable to defend against stale charges. *Id.* Petitioner admits that he did not present this ground for relief in any other court because it "was not allowed to be ripened with denial of discretionary review." *Id.*

Respondent is correct that Petitioner failed to raise such a claim in any state court and a federal court may review only those federal claims that were reviewed on their merits by a state court. *Bonnell*, 301 F.Supp.2d at 722. Exhaustion is the doctrine reviewed when a petitioner presents a claim in his federal habeas corpus petition but fails to present that claim in the state courts and has an available remedy remaining in the state courts. *See Hogan v. Welch*, No. 4:08CV2539, 2010 WL 300798 (N.D.Ohio, Jan. 19, 2010), slip op. ("dismissal for failure to exhaust state court remedies presumes that a state court remedy remains available."); *see also Fuller v. Tennessee*, No. 3:09-0394, 2009 WL 2850695 at *4 (M.D.Tenn., Aug.29, 2009); *Shelton v. Heard*, 696 F.2d 1127, 1128 (5th Cir.1983); *Riley v. Havener*, 391 F.Supp. 1177, 1178 (N.D.Ohio 1974). However, procedural default is used to analyze the ability of a federal habeas court to review the claim if a petitioner presents an unexhausted claim to this Court and has no remaining avenues in which to pursue relief in the state courts. *See Cvijetinovic v. Eberlin*, 617 F.Supp.2d 620, 629 (N.D. Ohio 2008).

The burden is on Respondent to prove that a procedural default has occurred since procedural default is an affirmative defense. *Cowans v. Bagley*, 236 F.Supp.2d 841, 871 (S.D. Ohio 2002). Here, Respondent quotes *Sneed v. Johnson*, No. 1:04CV588, 2007 WL 709778 (N.D. Ohio 2007) apparently in support of its assertion that Petitioner's failure to present his fourth ground for relief before the Ohio Supreme Court results in procedural default of his claim here. ECF Dkt. #11 at 11 ("Although El-Berri raised the issue of ineffective assistance of appellate counsel before the Ohio Supreme Court, he only presented the claim that appears in Ground Three of this petition, not this specific claim."). Respondent cites *Sneed* for the proposition that the Supreme Court of Ohio will not consider a claim that has not been preserved in the Ohio Court of Appeals. ECF Dkt. #11 at 11. Respondent has not shown that Petitioner would be foreclosed from seeking other forms of relief from the state courts in this case, particulary from the trial court or the Ohio Court of Appeals. *See id*. Therefore, Respondent has placed the burden on the Court to determine whether Petitioner has any remaining state court remedies. Since Respondent has not fully met its burden of establishing procedural default, the undersigned recommends that the Court proceed to address the merits of Ground Four. *See infra* § V.C.4.

> **C.**     **Merits**
>
> > **1.**     **Ground One**

In his first Ground for Relief, Petitioner alleges that sufficient evidence does not support his conviction for rape. ECF Dkt. #1 at 5. He contends that the State of Ohio failed to present evidence of sexual conduct since he submitted a DNA sample, but no male profile was derived from the victim's rape kit sample. *Id.* He also argues that the State failed to establish evidence of force as required by the rape statute. *Id.*

An allegation that the verdict was entered upon insufficient evidence states a claim under the due process clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307, *reh'g denied*, 444 U.S. 890 (1979), *and In re Winship*, 397 U.S. 358 (1970).

"In assessing the sufficiency of the evidence, we do not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury." *Id.* (internal citation omitted).  In order to establish an insufficiency of the evidence claim, "the relevant inquiry is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *U.S. v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006) *quoting Jackson,* 443 U.S. at 319. "This requires successful challengers to meet a very high threshold, even with respect to newly-discovered evidence." *Apanovitch v. Houk*, 466 F.3d 460, 488 (6th Cir. 2006).  The inquiry is not whether the jury made the *correct* determination of guilt or innocence, but whether it made a *rational* decision to acquit or convict. *Williams v. Haviland,* No. 1:05CV1014, 2006 WL 456470, *3 (N.D.Ohio Feb. 24, 2006), citing *Herrera v. Collins,* 506 U.S. 390, 402, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).  A court should interfere with a jury verdict only to the extent necessary to guarantee the fundamental protections of due process of law.  *Scott,* 209 F.3d at 885 *quoting Jackson,* 443 U.S. at 319.

Here, the Ohio Court of Appeals addressed Petitioner's claim relating to the sufficiency of the evidence.  ECF Dkt. #11, Ex. 8.  The appellate court considered Ohio law and found that the State had presented sufficient evidence to support a conviction for rape:

{¶ 12} El-Berri argues that the State failed to present evidence of rape as set forth in R.C. 2907.02(A)(2). R.C. 2907.02(A)(2) delineates the crime of rape, as charged: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

{¶ 13} El-Berri and the victim engaged in sexual conduct as defined in 2907.01(A):

" 'Sexual conduct' means vaginal intercourse between a male and female * * *; and, without privilege to do so, the insertion, however slight, of any part of the body * * * into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."

{¶ 14} The victim testified, "He put his penis in my vagina." (Tr. 293.) Furthermore, vaginal and rectal swabs collected from the victim revealed the presence of seminal fluid.

{¶ 15} Pursuant to R.C. 2907.02(A)(2), there is sufficient evidence that El-Berri

-18-

purposely compelled the victim to submit by force. The victim's testimony included: she did not consent to having sexual intercourse with El-Berri; El-Berri removed her clothes; he forced her onto the couch; and El-Berri engaged in vaginal intercourse with her against her will. Force "need not be overt and physically brutal, but can be subtle and psychological" depending on the age of the victim and relationship to the parties. *State v. Eskridge* (1988), 38 Ohio St.3d 56, 58-59. (Further holding that, "as long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established.") Id. at 59. Other witnesses, who observed the victim shortly after the incident, described that "[s]he looked white as a ghost, scared to death."

{¶ 16} At the time of the offense, the victim was a sixteen-year-old minor child, while El-Berri was fifteen years her senior. In addition, El-Berri was the victim's employer and a family friend, whereby a factfinder could determine that he occupied a position of authority over the victim. Indeed, the evidence shows that the victim (and her mother) entrusted El-Berri to drive her home because of a heavy snow storm and her lack of experience with driving. Instead of taking her home, El-Berri took the victim to his house, where he subjected her to sexual intercourse and then sent her home in a taxicab.

{¶ 17} The victim also stated that she was very scared and that she didn't know what El-Berri was going to do to her. She clearly testified that she did not want to have any kind of sexual relations with El-Berri that night. (Tr. 308.) Under the sufficiency standard, we are bound to accept that testimony as true and simply cannot reverse a conviction for insufficiency by disregarding or disbelieving evidence. The weight and credibility of that testimony was for the trier of fact to decide.

ECF Dkt. #11, Ex. 8. at ¶¶ 13-17.

Although Petitioner argues that no male profile was derived from the victim's rape kit sample, the undersigned is not aware of any authority requiring DNA evidence for a rape conviction. *See, e.g.*, *State v. Fortson,* No. 92337, 2010 WL 2106010, (Ohio App. 8 Dist.,May 27, 2010), slip op. at ¶47. The evidence that the appellate court reviewed, namely the victim's testimony that: she did not consent to having sexual intercourse with El-Berri; El-Berri removed her clothes; he forced her onto the couch; and El-Berri engaged in vaginal intercourse with her against her will, is sufficient to support a conviction for rape under Ohio law. ECF Dkt. #11, Ex. 8. at ¶¶ 13-17. One Ohio appellate court has observed that "courts have consistently held that testimony, if believed, is sufficient to prove each element of the offense of rape." *State v. Blankenship*, No. 77900, 2001 WL 1617225 at *4 (Ohio App. 8 Dist.,Dec. 13, 2001), unreported. "There is no requirement that a rape victim's testimony be corroborated as a condition precedent to conviction." *Id.*

-19-

Petitioner's argument pertaining to force also lacks merit.  Ohio Revised Code Section 2901.01 defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."  Additionally, the Supreme Court of Ohio has stated that "Force need not be overt and physically brutal, but can be subtle and psychological.  As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established."  *State v. Eskridge*, 526 N.E.2d 304, 306 (Ohio,1988).

Here, the State introduced evidence of force in the form of testimony showing that Petitioner was much older than the victim, he was her superior in an employment context, he forced her onto a couch, and removed her clothing.  ECF Dkt. #11, Ex. 8. at ¶¶ 13-17.  This evidence is sufficient to permit a rational factfinder to determine that Petitioner used force as the State of Ohio defines it.

In his traverse, Petitioner contends that the most compelling evidence in support of his position is the dissenting opinion of Judge Melody J. Stewart of the Court of Appeals for Cuyahoga County.  ECF Dkt. #14 citing ECF Dkt. #11, Ex. 8 at ¶¶56-86.  The Court should not be persuaded by Petitioner's argument and Judge Stewart's dissenting opinion because the majority's opinion was well-reasoned and supported by Ohio law.

As the majority found, Judge Stewart's comprehensive review of the evidence did not comprise a sufficiency of the evidence review.  ECF Dkt. #11, Ex. 8 at 5.  Rather, Judge Stewart weighed the evidence and considered whether Petitioner's conviction was against the manifest weight of the evidence.  *Id*.  As the majority noted, Judge Stewart incorrectly sought overt evidence of resistance.  *Id*.; *see also State v. Shannon*, Nos. 2002-L-007, 2002-L-008, 2004 WL 637848 at ¶94 (Ohio App. 11 Dist. Mar. 31, 2004), unreported ("a victim is not required to prove physical resistance in a rape prosecution."); O.R.C. § 2907.02(C); *State v. Malone*, No. 9-06-43, 2007 WL 2983155at ¶23 (Ohio App. 3 Dist. Oct. 15, 2007), unreported ("we are aware of no requirement that the victim verbally resist").  The majority held that the factors present in this case (*i.e.*, the disparity in Petitioner's age and the victim's age, along with his position of authority) were sufficient to permit a finding of force or threat of force where Ohio law takes into account the age, size, and strength of the parties and their relation to each other.  *Id*. citing *Eskridge*, 526 N.E.2d at 306.

-20-

The state appellate court found that it was beyond its province to reweigh the evidence when conducting a sufficiency analysis.  ECF Dkt. #11, Ex. 8 at 6.  Likewise, in a federal habeas court, a claim that a conviction is against the manifest weight of the evidence is not cognizable. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir.1985); *Walker v. Timmerman-Cooper*, No. 1:05CV103, 2006 WL 3242101 (S.D. Ohio Oct. 5, 2006).  Manifest weight of the evidence claims are derived from purely state law whereby the state appellate court sits as a "thirteenth juror and disagrees with fact finder's resolution of conflicting testimony" and finds that the "jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Tibbs v. Florida*, 457 U.S. 31, 41-47 (1982); *State v. Thompkins*, 78 Ohio St.3d 380, 389, 678 N.E.2d 541, 546-548 (1997)(superseded by state constitutional amendment on other grounds, *State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997), cert. denied 523 U.S. 1125 (1998)), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

For the foregoing reasons, the undersigned recommends that the Court dismiss Ground One due to a lack of merit.

## 2.     Ground Two

In Ground Two, Petitioner contends that at the time he was sentenced, the Ohio Legislature extended a substantive right to minimum term sentencing.  ECF Dkt. #1 at 5.  As discussed above, Respondent contends that this ground is procedurally barred because Petitioner did not raise the claim on appeal following resentencing.  ECF Dkt. #11 at 9-10.  Respondent contends that Petitioner did not raise due process and ex post facto claims in his appeal from his resentencing.  *Id*.  Therefore, Respondent does not address the merits of Ground Two.

The undersigned recommends that the Court find that Ground Two lacks merit.  Several courts in this district, have rejected Petitioner's argument and held that courts could impose more than minimum sentences in resentencing following *Foster*.  *See*, *e.g.*, *Orwick v. Jackson*, Case No. 3:09CV232, 2009 WL 4043352 (N.D. Ohio Nov. 20, 2009), unreported; *Ross v. Kelley*, No. 5:08CV2889, 2009 WL 3208668 (N.D. Ohio Oct. 5, 2009), unreported; *Kravochuck v. Shewalter*, No. 1:09CV199, 2009 WL 3208663 (N.D. Ohio Oct. 5, 2009), unreported;  *Watkins v. Williams,*

-21-

Case No. 3:07CV1296, 2008 WL 2484188 (N.D.Ohio June 17, 2008); *McGhee v. Konteh*, No. 1:07CV1408, 2008 WL 320763 (N.D.Ohio Jan. 25 2008), unreported.  *Woody v. Welch*, No. 3:08CV2534, 2009 WL 1440828 (N.D. Ohio, May 20, 2009), unreported.

### a.      Pertinent Law

Prior to Petitioner's initial sentencing, the U.S. Supreme Court decided *Apprendi* and held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490.  In 2004, the U.S. Supreme Court decided *Blakely* and held that the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant, and not the maximum sentence a judge may impose after finding additional facts.  *Blakely*, 542 U.S. at 303.

At the time Petitioner was convicted, the Ohio Revised Code allowed for a sentence of three to ten years for felonies of the first degree (Count 2 in this case).  O.R.C. § 2929.14(A)(1).  However, the Revised Code further provided that:

> (B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
>
>> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>>
>> (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

O.R.C. § 2929.14(B) (West 2004).  On February 27, 2006, the Supreme Court of Ohio consolidated four criminal cases in an opinion styled *State v. Foster* and held, *inter alia*, that R.C. § 2929.14(B) was unconstitutional because it "require[d] judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant." *Foster*,

-22-

845 N.E.2d at 495.  The Supreme Court of Ohio went on to remedy the error by severing the unconstitutional mandatory judicial factfinding provisions:

> [R]eferences to mandatory judicial fact-finding properly may be eliminated in the four areas of concern. Without the mandatory judicial fact-finding, there is nothing to suggest a "presumptive term." To explain Ohio's "statutory maximum" for purposes of *Apprendi* and its progeny, the maximum prison term authorized by the jury verdict or the facts admitted by a defendant upon acceptance of a plea is the top of the sentencing range for the crime of which the defendant is convicted. For example, if the offender is convicted of a first-degree felony, the "statutory maximum" is ten years under R.C. 2929.14(A)(1).

*Id*. at 497.

### b.    Application of law to Petitioner's case

Petitioner contends that the trial court on resentencing should have imposed a minimum sentence under pre-*Foster* sentencing scheme.  ECF Dkt. #1 at 5.  In his traverse, Petitioner explains his due process and ex post facto arguments.  ECF Dkt. #44 at 7-10.  To the extent Petitioner's claim implicates the Ex Post Facto Clause, it lacks merit because the Supreme Court of Ohio is not a legislature bound by the Ex Post Facto Clause.  The Ex Post Facto Clause is contained in Article I of the federal constitution, which pertains to legislative powers.  And the United States Supreme Court made clear in *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001),  "As the text of the [Ex Post Facto] Clause makes clear, it is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government. . . We have observed, however, that limitations on ex post facto judicial decisionmaking are inherent in the notion of due process."  This Court has held that a petitioner cannot state a claim under the Ex Post Facto *Clause* for the Ohio Supreme Court's retroactive application of a judicially modified statute because the Ohio court is not a legislature.  *See Orwick,* 2009 WL 4043352 at *4; *see also Ross*, No. 5:08CV2889, (N.D. Ohio Oct. 5, 2009) (ECF Dkt. #10, Limbert, M.J.  R&R at 42-44 "that if a law is improperly made retroactive by a court, a Petitioner's remedy, if he has one, lies in the Due Process Clause, not the Ex Post Facto Clause. . . *Rogers* makes clear that the pertinent question for determining whether a petitioner has a valid Ex Post Facto Clause claim is which branch of government committed the alleged constitutional violation. Here, Petitioner alleges that the judicial branch violated his constitutional

rights; therefore his claim under the Ex Post Facto Clause lacks merit. . .The fact that the *Foster* court may have acted akin to the legislature does not make the Supreme Court of Ohio a legislature.  It remains true that 'As the text of the [Ex Post Facto] Clause makes clear, it is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government.' " *Rogers*, 532 U.S. at 456.") (ECF Dkt. #12 Nugent, J., Adopting  R&R.); *Kravochuck*, 2009 WL 3208663;  *McGhee v. Konteh*, 2008 WL 320763.  The Honorable Solomon Oliver, Jr. has held the same: "the trial court's use of the sentencing statute re-shaped by *Foster* in sentencing Woody did not violate due process or the Ex Post Facto Clause of the Constitution." *Woody*, 2009 WL 1440828 at *10 (N.D. Ohio, May 20, 2009), unreported.

Since Petitioner's Ex Post Facto Clause claim lacks merit, the undersigned recommends that the Court dismiss Ground Two of the instant petition to the extent that it asserts a violation of the Ex Post Facto Clause.

To the extent Petitioner claims that the Ohio courts violated his Due Process rights by retroactively applying the post-*Foster* sentencing statute to his case to impose non-minimum and maximum sentences for the rape charge, the undersigned recommends that the Court find that his claim lacks merit.  Both Judge Nugent and Judge Oliver of this Court have rejected similar claims in other cases, holding that no constitutional violation arose with the retroactive application of  the post-*Foster* sentencing statute on remand to a petitioner who was improperly sentenced under the pre-*Foster* statute.  *See Ross*, No. 5:08CV2889; *Kravochuck*, No. 1:09CV199;  *McGhee*, No. 1:07CV1408, 2008 WL 320763; *Woody*, 2009 WL 1440828 at *10 ("A number of federal defendants have alleged that the federal sentencing statutes reshaped by *Booker* violate due process because they subject defendants to ex post facto laws. Those challenges have been universally rejected. . . Woody makes no argument that distinguishes in any relevant respect Ohio's revised sentencing statutes from the revised federal sentencing statutes upheld by the appellate courts.")  (internal citations omitted). This Court adopted a similar position in *Watkins*.

Turning to the case at bar, the stated statutory range remained unchanged (3-10 years for first degree felonies), so that Petitioner had notice of the penalty he could receive for the crime he

committed. The undersigned believes that the issue is whether Petitioner was ultimately sentenced under a statute that provided the judge sentencing discretion, and did not impose presumptions or mandate factfinding. In this case, the post-*Foster* sentencing statutes afforded the trial judge sentencing discretion within a statutory range, which permitted him to exceed 3 years. Therefore, the trial court did not violate Petitioner's due process rights when it resentenced him within that range.

As a final matter, the undersigned notes that Petitioner raises a cursory equal protection argument. *See* ECF Dkt. #1 at 5; 14 at 9. Although a federal forum is available for reviewing violations of the Equal Protection Clause of the Fourteenth Amendment, *Rose v. Mitchell*, 443 U.S. 545,560 (1979), Petitioner does not explain how the Ohio courts' sentencing statute offends the Equal Protection Clause of the Fourteenth Amendment. The undersigned is not aware of any apparent discrimination on the face of the statute or as the statute was applied to Petitioner. Therefore, his equal protection claim lacks merit as well.

For the foregoing reasons, the undersigned recommends that the Court dismiss Ground Two in its entirety due to a lack of merit.

### 3. <u>Ground Three</u>

In Ground Three, Petitioner contends that appellate counsel was ineffective for failing to object to jury instructions. ECF Dkt. #1 at 6. Specifically, Petitioner contends that appellate counsel failed to "raise issues" related to jury instructions on "force."

A defendant is entitled to the effective assistance of counsel in his first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir. 2004). A claim of ineffective assistance of appellate counsel is governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which is the same standard governing the review of a claim for the ineffective assistance of trial counsel. Hence, in order to prevail on his claims, Petitioner must show that appellate counsel deficiently performed and "the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable."

-25-

*Mapes*, 388 F.3d at 191, citing *Strickland*, 466 U.S. at 687.  In order to establish deficient performance, a petitioner must show that counsel's performance fell below an objective standard of reasonable representation.  *Id*. at 688.  In *Mapes v. Coyle*, 171 F.3d 408, 427- 28 (6th Cir.), cert. denied, 528 U.S. 946, 120 S.Ct. 369, 145 L.Ed.2d 284 (1999), the Sixth Circuit Court of Appeals listed eleven questions as matters to be considered in determining whether an attorney on direct appeal acted in accordance with the objective standard of reasonableness in reviewing the deficient performance prong of the ineffective assistance of appellate counsel.  In order to establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id*. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome of the case.  *Id*.; *Williams v. Taylor*, 529 U.S. 362, 390-391 (2000).

Moreover, it must be remembered that appellate counsel is not ineffective if he or she fails to raise every nonfrivolous claim on direct appeal. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). The process of " 'winnowing out weaker arguments on appeal' " is "the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (quoting Barnes, 463 U.S. at 751-52, 103 S.Ct. 3308). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.1986).

Here, the issue is whether appellate counsel failed to raise an appeal related to jury instructions related to "force" and whether prejudice resulted therefrom.  Contrary to Petitioner's assertion, the trial judge instructed the jury that:

> You are to apply the law as your guide throughout your entire deliberations, and apply it to the facts as you find the facts to be, and then render your judgment accordingly. This you are required to do independent and apart from any notion of opinion which you may have ever possessed as to what the law is or what the law ought to be concerning the facts in this particular case.
>
> Therefore, you are not permitted to change the law, or apply your own ideas of what you think the law ought to be.

It also follows that, in strict keeping with your oath, you refuse to be moved, swayed or influenced by considerations such as sympathy for or bias or prejudice against either the State of Ohio or the defendant in this case.

Tr. at 533.  Further, the Court defined "force" as follows:

Force.  Force means any violence, compulsion or constraint physically exerted by any means upon or against any person or thing.

Tr. at 545, 553. The definition that the trial judge provided is the same as the definition of "force" contained in Ohio Revised Code Section 2901.01.  *See* O.R.C. § 2901.01.

Lastly, the court instructed the jury that:

The law, in constituting a jury of 12 jurors, contemplates that each and every one of you shall give your individual consideration and judgment upon the evidence.  The rules of law which are explained to you in these instructions are binding upon the individual conscience and judgment of each member of the jury.

You should have in mind two propositions of equal importance.  First, the laws are enacted for the benefit of all members of organized society, and when a jury is convinced beyond a reasonable doubt of the defendant's guilt, the jury should so say in its verdict.  And, second, no defendant shall be convicted of a crime when a jury is not convinced of such defendant's guilt beyond a reasonable doubt.

Having carefully weighed all the evidence in this case, and applied the law as stated in these instructions, let your verdict be fair and impartial, thus assuring you have been mindful of your oath to well and truthfully try and true deliverance make between the State of Ohio and the defendant in this case.

Tr. at 570-71.

The undersigned finds only one instance where the trial judge instructed the jury to determine what is proper.  That instance occurred when the judge listed factors to be considered in assessing a witness' credibility and instructed the jury to apply those tests in assigning the proper weight to each witness' testimony.  Tr. at 541.

Given the foregoing, the undersigned sees no impropriety in the trial judge's instructions related to purported burden shifting or permitting the jury to disregard the law.  Accordingly, Petitioner has failed to demonstrate that appellate counsel was ineffective or that Petitioner suffered

-27-

prejudice. In conclusion, the undersigned recommends that the Court dismiss Ground Three with prejudice due to a lack of merit.

### 4.     Ground Four

In Ground Four, Petitioner alleges that appellate counsel was ineffective for failing to raise issue with respect to a preindictment delay. ECF Dkt. #1 at 6. Petitioner contends that he submitted DNA in 2005 but he was not indicted until 2006. *Id*. Petitioner contends that he has moved on with his life and prepared for a family. *Id*. He contends that he was not able to defend against stale charges. *Id*.

Petitioner's claim lacks merit because the state initiated a case against him within the statute of limitations. The crime at issue occurred on December 22, 2004, and the statute of limitations for a felony in Ohio is six years. *See* O.R.C. § 2901.13(a). Further, Petitioner has failed to demonstrate prejudice. Specifically, Petitioner has failed to demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different due to an alleged delay prior to Petitioner being indicted. For the foregoing reasons, the undersigned recommends that the Court dismiss Ground Four in its entirety with prejudice.

## VI.   CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice and DENY his motion to stay as MOOT.


DATE: June 21, 2010                          *s/ George J. Limbert*
                                             GEORGE J. LIMBERT
                                             UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).