PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMER EL-BERRI, | ) | CASE NO. 1:09CV01106 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| MICHELE MILLER, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |

Before the Court is Petitioner Tamer El-Berri's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging four grounds for relief (ECF No. 1) and Motion to Stay (ECF No. 12). Pursuant to 28 U.S.C. § 636 and Local Rule 72.2, this case was automatically referred to Magistrate Judge George J. Limbert for preparation of a Report and Recommendation. In his Report, the magistrate judge recommends that the Court deny Petitioner's Petition and deny Petitioner's Motion to Stay as moot. ECF No. 15. Petitioner timely filed objections to the Report and Recommendation (ECF No. 18), to which Respondent filed a response (ECF No. 19).

Consequently, the matter is ripe for adjudication. For the reasons articulated below, the Court adopts the Report and Recommendation and, accordingly, dismisses the Petition.[1]

## I. Background

### A. Factual Background

As set forth by the Eighth District Court of Appeals, the facts are as follows:

[1] Prior to transferring this case to the docket of the undersigned, Judge Adams denied Petitioner's Motion to Stay (ECF No. 12) as moot.

> On January 4, 2006, a Cuyahoga County Grand Jury indicted El-Berri on one count of kidnapping with a sexual motivation specification attached and one count of rape.
>
> The facts giving rise to the instant case occurred in the late evening on December 22, 2004. The sixteen-year-old victim worked at El-Berri's cellular phone business located at Great Northern Mall. There was a heavy snowfall that night and, at the close of the victim's shift, El-Berri offered to drive the victim home as she lacked experience driving in snow storms. Brenda Carmak (Carmak), the victim's mother, consented because El-Berri and his girlfriend, Nicolet Arcuri (Arcuri), were family friends.
>
> On the night in question, instead of taking the victim directly home, El-Berri drove past her exit and went to his home. While there, El-Berri proceeded to remove the victim's clothes, forced her over the couch, and engaged in vaginal intercourse with her against her will.
>
> The victim arrived home later that evening via taxi cab because El-Berri's motor vehicle became stuck in the snow. Carmak described the victim as looking "white as a ghost, scared to death." The victim told Carmak that El-Berri raped her. Carmak took the victim to the hospital where vaginal swabs confirmed the presence of seminal fluid, although testing was unable to produce a male DNA profile.
>
> On January 2, 2007, the case proceeded to jury trial. On January 11, 2007, the jury returned its verdict and found El-Berri guilty of kidnapping with a sexual motivation specification and guilty of rape.
>
> On February 1, 2007, the trial court sentenced El-Berri to seven years of imprisonment for kidnapping and seven years of imprisonment for rape, counts to be served concurrently. The trial court also conducted a House Bill 180 hearing and designated El-Berri a sexually oriented offender.

ECF No. 11-1 at 77-78.

### B. Procedural Background

In 2006, a Cuyahoga County, Ohio grand jury issued an indictment charging Petitioner with Kidnapping, in violation of Ohio Revised Code § 2905.01(A)(2), (A)(3), and/or (A)(4) with a sexual motivation specification identified in Ohio Revised Code § 2941.147. ECF No. 11-1 at

1. The grand jury also indicted Petitioner for one count of Rape in violation of Ohio Revised Code § 2907.02(A)(2). ECF No. 11-1 at 2. A jury found Petitioner guilty of Kidnapping in violation of Ohio Revised Code § 2905.01(A)(2) and Rape as charged. ECF No. 11-1 at 3. In 2007, the trial judge sentenced Petitioner to a prison term of seven years on each count with the sentences to run concurrently, and five years of post-release control.[2] ECF No. 11-1 at 3. The trial court also held a sexual predator hearing and adjudicated Petitioner a sexually-oriented offender to report one time per year for ten years to the sheriff's department where he resided upon release from incarceration. ECF No. 11-1 at 4.

Petitioner, through new counsel, filed a notice of appeal and thereafter filed an appellate brief raising the four assignments of error. ECF No. 11-1 at 5-54. The Eighth District Court of Appeals affirmed in part and reversed in part the trial court's judgment, but did not journalize the decision until September 2, 2008. ECF No. 11-1 at 75-111. The court found that the evidence failed to establish a separate animus between the kidnapping and rape counts that would demonstrate an independent significance for each offense and thus the counts should have merged as allied offenses. ECF No. 11-1 at 86. Accordingly, the court vacated Petitioner's kidnapping conviction and remanded the case for resentencing.

Petitioner, *pro se*, filed a notice of appeal to the Ohio Supreme Court raising three

---

[2] At the time of the filing of this Memorandum of Opinion and Order, Petitioner, having been convicted in the Court of Common Pleas for Cuyahoga County, Ohio (within the Northern District of Ohio) remains incarcerated. *See* Ohio Department of Rehabilitation and Correction, http://www.drc.ohio.gov (last visited May 21, 2012). The Court, therefore, has jurisdiction over Petitioner's Petition. *See* 28 U.S.C. § 2241(d).

propositions of law. ECF No. 11-1 at 120, 129-139. The Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. ECF No. 11-1 at 179.

The trial court resentenced Petitioner in accordance with the appellate court's decision, vacating the kidnapping conviction and sentencing Petitioner only on the rape conviction. ECF No. 11-1 at 180. The court sentenced Petitioner to seven years of incarceration on that conviction, with five years of post-release control. ECF No. 11-1 at 180. The court also labeled Petitioner a tier III sex offender and ordered him to register with the sheriff in the county in which he resides every ninety days for the remainder of his life. ECF No. 11-1 at 180. Petitioner, *pro se*, filed a notice of appeal to the Eighth District Court of Appeals. ECF No. 11-1 at 181. Petitioner filed a brief on the merits raising three assignments of error. ECF No. 11-1 at 1182-194. As of the date of the filing of his federal habeas corpus petition, Petitioner was awaiting a ruling by the appellate court.

**C. Grounds for Relief**

On May 11, 2009, Petitioner filed the instant petition for a writ of habeas corpus. ECF No. 1; *see* *Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (explaining a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities). Petitioner raises the following grounds for relief:

**Ground One**: CONVICTION WAS OBTAINED WITH INSUFFICIENT EVIDENCE.

**Supporting Facts**: State didn't produce evidence of sexual conduct. Petitioner submitted DNA, but no male profile was derived from rape kit sample(s). No evidence was produced which proved force,

because such is physical. It was only duplicious[sic] that State proceeded on threat of force element also, which no evidence was produced for.

**Ground Two**: DENIED DUE PROCESS & EQUAL PROTECTION OF THE LAW

**Supporting Facts**: Offense was alleged to have occurred on December 22, 2004. At that time, Ohio Legislature extended a substantive right to minimum term sentencing. It matters not that Petitioner wasn't convicted & sentenced until 2007, and right was so judicially modified in 2006, [sic]cause the remedy for such always lied in O.R.C. §1.58(B). Under such provision, Petitioner had right to be sentenced under scheme most favorable to himself.

**Ground Three**: DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

**Supporting Facts**: Appellate counsel failed to raise issues with jury instructions on "force". Trial court restricted jury to finding what it felt was proper, not what the law prescribed. As such, conclusive presumptions inherent in trial court's charge shifted the burden upon Petitioner to disprove an element he wasn't charged with. Close attention must also be given to the words actually spoken to the jury.

**Ground Four**: DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

**Supporting Facts**: Appellate counsel further failed to raise issues with the neglected claim of preindictment delay. The Petitioner submitted DNA in 2005, but wasn't indicted until 2006. Petitioner had moved on with his life once police closed case, getting married and preparing for a family. The prejudice involved centers around the inability to defend against stale charges and denial of a critical preliminary hearing that could have eliminated case with prejudice.

ECF No. 1.

**II. Standard for Reviewing a Magistrate Judge's Report and Recommendation**

When objections have been made to a magistrate judge's Report and Recommendation,

the District Court's standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*.

Accordingly, this Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner properly objected–that related to Ground for Relief One, the sufficiency of evidence, and, to a lesser extent, Ground for Relief Two, regarding the length of the sentence imposed.[3]

## III. Law and Analysis

Petitioner filed his Petition on August 27, 2009. ECF No. 1. Therefore, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the Court's review of the petition. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997); *see also* *Woodford v. Garceau*, 538 U.S. 202, 210, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003).[4] The instant Petition was timely filed in accordance with the AEDPA.

### A. Exhaustion and Procedural Default

Before a state prisoner may seek a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, he must exhaust his state court remedies by fairly presenting all of his

[3] Petitioner opens his objections by urging the Court to "conduct a *de novo* review of the entire record." ECF No. 18 at 1. He proceeds, however, to limit his "objections" to Grounds One and Two. More is discussed, *infra*, about the adequacy of the objections to Ground Two.

[4] The AEDPA applies to petitions filed after the Act's April 26, 1996 effective date. *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

constitutional claims to the highest state court, and to all appropriate state courts prior to that, so that the state is given the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. 28 U.S.C. Sec. 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 1731 (1999); *Lyons v. Stovall*, 188 F.3d 327, 331 (6th Cir. 1999).

Procedural default occurs when the petitioner fails to fairly present his federal constitutional claim to the state courts in the manner required by state law. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). The failure to present a claim constitutes a waiver of the argument, unless the petitioner can present cause for the default and actual prejudice from the constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992).

Normally, a federal habeas court will consider default in the state courts to have occurred if the last "reasoned state judgment rejecting a federal claim" makes a plain statement of such state procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). No such statement is necessary if the relevant issues were not presented at all to the state court(s). *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Maupin v. Smith*, 785 F. 2d 135, 138 (6th Cir. 1986):

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> (* * *)
>
> Second, the court must decide whether the state courts actually enforced the state

> procedural sanction.
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Id*. (internal citations omitted).

A petitioner can show cause if he proves that "some objective factor external to the defense [that] impede[] counsel's efforts to comply with the State's procedural rule." *Coleman v. Thomas*, 501 U.S. 722, 753 (1991) (internal citations omitted). Demonstrating "cause" requires a showing that an objective factor external to the defense impeded counsel's efforts to comply with the State procedural rule. *Murray*, 477 U.S. at 488. Demonstrating "prejudice" requires a showing of a disadvantage "infecting" the trial with constitutional error. *U.S. v. Frady*, 456 U.S.152, 170 (1982).

In Ground One, Petitioner asserts the evidence presented at trial was insufficient to obtain a conviction. He properly raised this issue before the Eighth Appellate District and the Supreme Court of Ohio following his initial sentencing. This ground for relief is exhausted and not procedurally defaulted. Respondent concedes this.

Asserting that *res judicata* bars the claim, Respondent argues that Ground Two is procedurally defaulted. *See* ECF No. 11 at 9-11. The Court finds the reasoning of the magistrate judge on this point–that Respondent has not met its "burden of establishing procedural

default"–more apropos. Because, however, the Court finds Ground Two to be without merit, the Court's discussion of default status of Count Two will be limited to that already written. Below, Grounds One and Two will be reviewed on the merits.

**B. Review on the Merits**

A district court may grant a writ of habeas corpus if a petitioner can show that the State's adjudication of his claims on the merits (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Under the "contrary to" provision, a federal habeas court should grant the writ "if the state court arrived at a conclusion 'opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Boykin v. Webb*, 541 F.3d 638, 642 (6th Cir. 2008) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). Under the "unreasonable applications" clause, a habeas court may grant the writ if the state court identified the correct legal principle from the Supreme Court's decisions but unreasonably applied that principle to the petitioner's case. *Boykin*, 541 F.3d at 642 (citing *Williams*, 529 U.S. at 412-13).

**1. Ground One**

In Ground One, Petitioner argues that his conviction for rape is not supported by sufficient evidence. In a sufficiency of evidence claim, a court determines whether–viewing the

trial testimony and exhibits in the light most favorable to the prosecution and without reweighing the evidence or substituting the court's own judgment for that of the jury–any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Pordash v. Hudson*, Case No. 07-4141, 2010 WL 2803951, at *2 (6th Cir. July 13, 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)). The Sixth Circuit explained that "[e]ven if we determine that a rationale trier of fact could not have found the essential elements of the crime, we must defer to the state appellate court's contrary sufficiency determination so long as it is not unreasonable." *Pordash*, 2010 WL 2803951, at *2 (citing *Brown*, 567 F.3d at 205).

Petitioner claims that the prosecutor failed to establish the element of force at the trial and that the magistrate judge incorrectly adopted the reviewing Ohio appellate court's definition of force that applies to "special relationship[s]," such as parent-child. ECF No. 18 at 2-9. Petitioner further argues that the insufficiency of evidence to prove force beyond a reasonable doubt is a violation of his constitutional due process right.[5] ECF Nos. 15 at 17; 18 at 9.

Under Ohio law, it is illegal for a person to "engage in sexual conduct with another when

---

[5] Petitioner argues that the magistrate judge in relying upon the Ohio appellate court majority decision inaccurately recited the facts. ECF No. 18 at 2. Specifically, the "[a]ll the magistrate judge states . . . was that the victim testified that she did not consent to have sexual intercourse with petitioner and that petitioner removed her clothes and forced her onto the couch and engage in vaginal intercourse with her against her will." ECF No. 18 at 2. Despite petitioner's protestation, the facts relied upon by the State appellate court "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Petitioner has not presented clear and convincing evidence that the State appellate court erred in its recitation of the facts. Additionally, whether the victim consented to a sexual act is a conclusion reached by the jury in this case, and the jury's refutation of the theory of the defense is entitled to deference. *Brown*, 567 F.3d at 205.

the offended purposely compels the other person to submit by force or threat of force." O.R.C. § 2907.02(A)(2). Ohio statute defines force as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." O.R.C. § 2901.01(A)(1). Ohio case law holds that, "force or threat of force can be inferred where a defendant purposely compelled the victim to submit by employing certain objective actions that can be found to have overcome the will of the victim by fear or duress." *State v. Rupp*, No. 05MA166, 2007 WL 969069, at *8 (Ohio App. Ct. Mar. 27, 2007).

Petitioner criticizes the Ohio appellate court's reliance upon *State v. Eskridge*, 38 Ohio St.3d 56, 526 N.E.2d 304 (1998), in upholding his conviction. ECF No. 18 at 2, 6. *Eskridge* discusses the issue of "force" in a parent-child relationship and holds that the perpetrator's parental relationship to the child victim may be proof of force because the role of parent is an inherently authoritative one. *Eskridge*, 38 Ohio St.3d at 59. Petitioner claims that the court's reliance upon the *Eskridge* force standard–"as long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established"–is misplaced because "[P]etitioner and the victim were not in any special relationship." ECF No. 18 at 9; *Id*. He contends that had the magistrate judge considered and applied other Ohio appellate court cases discussing the issue of force, then his conviction may have been reversed. ECF No. 18 at 5, 8-9.

The Sixth Circuit has held that there is no indication that the *Eskridge* use of force language objected to by Petitioner is to the facts of that case. *Pordash*, 2010 WL 2803951, at *3; *see also* ECF No. 19 at 4-5. In addition to finding that psychological force is not limited to a

parent-child relationship, the Sixth Circuit identified Ohio courts that have applied *Eskridge's* definition of "force" to situations involving adults.

> [I]n *State v. Rupp*, the defendant disputed a jury instruction that invoked this language in a rape case where the twenty-three-year-old victim stated that she had submitted to her rapist out of fear of retaliation if she resisted. 2007 WL 969069, at *6. The court stated that
>
> > appellant's argument fails to distinguish between the finding of force or threat of force for cases of children raped by those in authority positions [ Eskridge] ... and the mere ability of a jury to infer a threat of force in all cases where the victim's will is overcome by fear or duress ... if the defendant created the belief that physical force will be used in the absence of submission, then threat of force can be inferred. Nothing in the rape statute requires the threat of force to be direct or express. Thus, threat of force includes both explicit and implicit threats.
>
> *Id*. The court further stated that
>
> > moreover, other appellate cases have unhesitatingly applied the law set forth in *469 the disputed jury instruction here [the Eskridge force language] to cases where there was no position of authority over a child. See, e.g., *State v. Pordash*, 9th Dist. No. 04CA8480, 2004-Ohio-6081 [2004 WL 2600461] (dealing with chiropractor raping patients); State v. Worrell, 10th Dist. No. 04AP-410, 2005-Ohio-1521 [2005 WL 736529] (dealing with husband raping wife).
>
> *Id*.
>
> Moreover, in *State v. Arias*, another case of adult rape, the court cited the *Eskridge* force language to reach its conclusion that "force may also be established by testimony that the victim's will was overcome by fear" and that the victim's "testimony regarding their fear of retaliation by defendant, if they did not engage in sexual conduct with him, is enough to establish force if believed by the trier of fact." No. 04CA008428, 2004 WL 1882631, at *7 (Ohio App.Ct. Aug. 25, 2004). Thus, it is clear that the Ohio courts have referred to the contested force language in Eskridge when establishing force in cases of adult rape.

*See Pordash*, 2010 WL 2803951, at *3.

Employing the Sixth Circuit's guidance, the Court finds that the appellate court reasonably applied *Eskridge* to the facts underlying Petitioner's conviction. The evidence that the appellate court reviewed is sufficient to support a conviction for rape under Ohio law. ECF 11, Exhibit 8 at ¶¶13-17. Specifically, the appellate court stated:

> Pursuant to R.C. 2907.02(A)(2), there is sufficient evidence that El-Berri purposely compelled the victim to submit by force. The victim's testimony included: she did not consent to having sexual intercourse with El-Berri; El-Berri removed her clothes; he forced her onto the couch; and El-Berri engaged in vaginal intercourse with her against her will. Force "need not be overt and physically brutal, but can be subtle and psychological" depending on the age of the victim and relationship to the parties. *State v. Eskridge* (1988), 38 Ohio St.3d 56, 58-59, 526 N.E.2d 304. (Further holding that, "as long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established.") Id. at 59. Other witnesses, who observed the victim shortly after the incident, described that "[s]he looked white as a ghost, scared to death."
>
> At the time of the offense, the victim was a sixteen-year-old minor child, while El-Berri was fifteen years her senior. In addition, El-Berri was the victim's employer and a family friend, whereby a factfinder could determine that he occupied a position of authority over the victim. Indeed, the evidence shows that the victim (and her mother) entrusted El-Berri to drive her home because of a heavy snow storm and her lack of experience with driving. Instead of taking her home, El-Berri took the victim to his house, where he subjected her to sexual intercourse and then sent her home in a taxicab.
>
> The victim also stated that she was very scared and that she didn't know what El-Berri was going to do to her. She clearly testified that she did not want to have any kind of sexual relations with El-Berri that night. (Tr. 308.) Under the sufficiency standard, we are bound to accept that testimony as true and simply cannot reverse a conviction for insufficiency by disregarding or disbelieving evidence. The weight and credibility of that testimony was for the trier of fact to decide.

ECF No. 11-1 at 80-81. In applying the *Eskridge* force language, the State appellate court appropriately acknowledged Petitioner's role as the victim's employer and family friend, hence

an authority figure, entrusted to drive the victim home in a snow storm. The victim's tender age and Petitioner's age–"fifteen years her senior"–cannot be overemphasized. Contrary to Petitioner's arguments, the appellate court reasonably applied the force standard. Petitioner's reliance upon the dissenting opinion in *Eskridge* is unpersuasive.

Petitioner's objection to the Report and Recommendation regarding Ground One is overruled.

**2. Ground Two**

In Ground Two, Petitioner contends that, at the time he was sentenced, the Ohio Legislature had extended a substantive right to minimum term sentencing. *See* ECF No. 1 at 5. As discussed above, Respondent contends that this ground is procedurally barred. *See* ECF No. 11 at 9-10. Respondent also contends that Petitioner did not raise due process and ex post facto claims in his appeal from his resentencing. ECF No. 11 at 9-10. Therefore, Respondent does not address the merits of Ground Two.

Apart from its introduction, which summarizes the Report and Recommendation and provides background on the status of Ohio's sentencing structure pre and post-*State v. Foster*, 109 Ohio St.3d 1 (2006), Petitioner's objection to the magistrate judge's Report regarding Ground One is a verbatim regurgitation of the arguments made in his Traverse. ECF No. 14 at 8-10. This is not a true objection. Rather, it is a mere restatement of arguments Petitioner set forth in his Traverse which were thoroughly addressed by the magistrate judge in his Report and Recommendation. ECF No. 15 at 21-25. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review.

*Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Federal Rule of Civil Procedure 72(b). *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio Apr. 7, 2006). "A party who files objections to a magistrate's [judge's] report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id*. (citing *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

Despite being under no legal obligation to do so, the undersigned has reviewed the analysis of the magistrate judge relative to Ground One's *ex post facto*, due process and equal protection claims and found the Report and Recommendation accurate on each claim. Ground Two is without merit. For these reasons, Petitioner's objection to the Report and Recommendation regarding Ground Two is overruled.

**IV. Conclusion**

The Court hereby adopts in its entirety the Report and Recommendation (ECF No. 15), and overrules Petitioner's objections (ECF No. 18). For the reasons stated above, Tamer El-Berri's Petition for Habeas Corpus (ECF No. 1) is denied.

(1:09CV01106)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

May 22, 2012
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge